

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 4, 1970

Honorable Oscar B. McInnis          Opinion No. M-646
Criminal District Attorney
Hidalgo County Courthouse           Re:  Nominations by a new
Edinburg, Texas   78539                  political party of
                                         candidates for county
                                         and precinct offices
Dear Mr. McInnis:                        only.

          Your request for an opinion on the above subject
matter asks whether an application by the Raza Unida Party
(a new political party in Hidalgo County) requesting that
names be placed on the November, 1970, general election
ballot could be legally refiled under the facts submitted.
Your request states the following facts:

          "An application by the Raza Unida Party
     was submitted to Judge Richardson on January
     29, 1970, requesting that the nominees of
     that party be placed on the November election
     ballot.  This application contained the re-
     quested number of signatures under Article
     13.54 of the Texas Election Code.  It appeared
     later that this application was prematurely
     signed and filed since it was filed before the
     current voting year.  Thereafter on May 1, 1970,
     the Raza Unida Party, with consent of the County
     Judge, withdrew the application and immediately
     attempted to refile the same.  It was left with
     the County Judge who has neither accepted nor
     rejected the refiling.  This application, of
     course, was not signed during the current vot-
     ing year.

          ". . ."

          In Attorney General's Opinion M-621 (1970), this
office held:

          "Applications to have the nominations of a
     new political party, without a State organization,

-3090-

placed on the official ballot at the general
election may be filed with the county judge prior
to the county primary convention of such new
political party, provided it is filed during
the voting year the nominations are made.  If
such application is signed and sworn to, the
provisions of Article 13.54 of the Texas
Election Code are complied with.  A person
who signs and files the written application
provided in Article 13.54 of the Texas Election
Code during the current voting year (March 1,
1970 through February 28, 1971) may not partici-
pate in the primary election or party conven-
tion of another political party during that
voting year.  A person who participates in the
Democratic or Republican primary election is
not eligible to sign and file an application
for a new political party's nominees to be
placed on the general election ballot in
November during the current voting year
(March 1, 1970 through February 28, 1971)."

It was further concluded in Attorney General's
Opinion M-621 that the filing of the application with the
county judge constitutes an integral step in the new party's
nomination of candidates and that the signing of such ap-
plication constitutes participation in the party's primary
convention.  Also, this office therein held that the ap-
plication must be filed during the voting year the nomina-
tions are made.  It is, therefore, our opinion that in order
for the names of the nominees of a new political party with-
out a State organization to be printed on the official ballot
for the general election to be held in November, 1970, the
application must be signed and filed during the current voting
year (March 1, 1970 through February 28, 1971).  Your request
states that the application was not signed during the current
voting year.

Consequently, you are advised that the application
outlined in your request does not satisfy the requirements
of Article 13.54 of the Texas Election Code for the reason
that the same was not signed during the current voting year.

                        S U M M A R Y

Under the facts submitted, an application
for a new political party's nominees to be placed

on the general election ballot in November, 1970, does not comply with the provisions of Article 13.54, Texas Election Code, since such application was not signed during the current voting year (March 1, 1970 through February 28, 1971).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Sparks
Bob Lattimore
Rex White
Howard Fender

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant